SCHEVLING

v.

JOHNSON et al. (FIDELITY & CASUALTY CO. OF NEW YORK et al., third-party defendant).

McCANN

v.

JOHNSON et al. (FIDELITY & CASUALTY CO. OF NEW YORK et al., third-party defendant).*

Civ. A. Nos. 3807, 3900.

United States District Court
D. Connecticut.

April 28, 1953.

* These are two negligence actions brought each by a passenger in a Packard automobile owned by the defendant Florence E. Johnson, to recover damages for personal injuries caused in the operation of said automobile by Edward J. Toohey who had borrowed the same from Mrs. Johnson's son. Mrs. Johnson had temporarily put the Packard automobile in the possession of her son, Charles, pending repairs on another automobile, a Chevrolet, owned jointly by the son and his father. The plaintiffs originally sued Toohey, Mrs. Johnson and her son Charles and the actions were ordered consolidated for trial. The defendant Toohey impleaded the Fidelity & Casualty Company of New York and the Liberty Mutual Insurance Company on third-party complaints alleging that the former had issued a liability policy to Mrs. Johnson covering the Packard automobile directly involved in the accident and that the latter had issued a liability policy to Charles Johnson's father covering the Chevrolet automobile jointly owned by Charles and his father and any "substitute for the described automobile (Chevrolet)"; and that, although the terms of each of these policies were such as to require the insurers to indemnify Toohey for any judgment which the plaintiffs might obtain against him, each insurer had disclaimed liability and had refused to defend in behalf of Toohey. After denial of motions by the insurers as third-party defendants, for severance of the issues raised by the third-party complaints, the consolidated case came on for trial before a jury of the issues raised both by the original complaints and the third-party complaints against the insurers.

The jury found for the plaintiffs on their complaints against Toohey, and for Toohey on his third-party complaints against the insurers. Thereupon, the court, having reserved at trial decision on motions by each insurer for a directed verdict, ruled as stated in the instant memorandum.

See, also, D.C., 122 F.Supp. 87.

Samuel Engelman, Bridgeport, Conn., for plaintiff Shevling.

Walton E. Cronan, New Haven, Conn., for plaintiff McCann.

Daggett, Colby & Hooker, New Haven, Conn., Gumbart, Corbin, Tyler & Cooper, By Donald F. Keefe, New Haven, Conn., F. J. Moran, New Haven, Conn., for defendants Johnson et al.

HINCKS, District Judge.

The case against this third-party defendant (Fidelity & Casualty Company of New York) does not depend upon the substitution of one automobile for the automobile described in the policy. For the Packard automobile involved in the accident was the "described automobile" in the policy issued by this defendant. The basic question here was whether Toohey, who was driving the Packard when the accident occurred, could properly have been found to have been then using the Packard with the implied permission of Mrs. Johnson, who was the named insured and Charles Johnson's mother and legal guardian.

A review of all the evidence satisfies me that there was no evidence to support the finding of permission by Mrs. Johnson. There was no evidence that Mrs. Johnson expressly authorized Charles to lend her Packard to Toohey or any one else. Nor is there evidence, I think, from which such authorization could reasonably be implied. Certainly she did not put Charles in possession as an owner: she merely lent him her automobile so that he could get himself and his house guests back to New Haven from their week-end visit in Montclair. The arrangement that he should bring her automobile back to her the following week-end was undisputed. From the bare fact of a bailment for this limited purpose there is no reasonable ground for inferring a grant of authority that he might dispose of it as his own or use it as freely as he had theretofore used his own Chevrolet: this is so even if the jury did not credit the testimony both of Mrs. Johnson and Charles that she had previously on many occasions forbidden him to lend her car.

Nor was there any evidence of a course of conduct on Charles' part whereby he had previously lent her Packard to others for purposes of their own. At most there was evidence that once, a year before, she had lent the Packard to Charles for a trip to Hanover, that on that occasion she had permitted a friend of Charles to drive it from Montclair to New Haven, and that on the round trip from New Haven to Hanover Charles had shared the driving with companions. But this isolated and limited bailment is insufficient as evidence of implied permission a year later to Charles to make the automobile available to use by others for their own purposes. And if it be of any materiality for its impact on this de-

fendant, it may be noted that there was no evidence that Mrs. Johnson had knowledge of a prior course of conduct on Charles' part to lend his Chevrolet to others. As to this, at most the evidence showed one occasion, some four months before, when the Chevrolet was driven to the George Washington Bridge to meet Mrs. Johnson in her Packard. But the trip was made not for the convenience of others but for Charles who was then a passenger with a broken wrist. Knowledge by Mrs. Johnson that Charles on that occasion for his own convenience while a passenger permitted another to drive his Chevrolet is insufficient to serve as foundation for an inference that Mrs. Johnson authorized Charles to put her Packard in sole control of another for the convenience not of Charles but of his sub-bailee.

On trial, this defendant had made a motion for a directed verdict on which I reserved decision under Rule 50(b), 28 U.S.C.A. Now, after due deliberation,

It is ordered that the motion for a directed verdict in favor of this defendant be granted. As a result, the motion later filed to set aside and for new trial may be deemed denied *pro forma*, as moot.